UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION  5:05-CV-249-M

VIRGINIA HARNED                                                                                      PLAINTIFF

V.


HD DEVELOPMENT PROPERTIES, L.P.
and
HOME DEPOT USA, INC.
d/b/a THE HOME DEPOT and
d/b/a THE HOME DEPOT SUPPLY
BUILDERS SOLUTIONS OF KENTUCKY                                           DEFENDANTS

OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment and a Motion in Limine to Preclude the Testimony of Plaintiff's Expert, both filed by Defendants. Fully briefed, both issues are ripe for decision. For the reasons set forth in this opinion, the Defendants' Motion for Summary Judgment is DENIED [DN 38]. The Defendants' Motion in Limine is GRANTED in part and DENIED in part [DN 39].

**I. FACTS**

Plaintiff Virginia Harned, along with her husband, son, and daughter, ventured out the evening of December 27, 2004, for dinner after making a few stops at Hobby Lobby, Lowe's and Home Depot. The Paducah area received over fifteen inches of snow between December 22 and December 23, 2004, as reported by the National Oceanic and Atmospheric Administration. After first stopping at Hobby Lobby, Mrs. Harned

described the parking lot as "very slushy and wet." The Harneds decided against stopping at Lowe's due to the treacherous conditions of the parking lot, and proceeded to Home Depot which appeared to have cleared most of the snow and ice from their lot. As Virginia Harned left her vehicle, she slipped and fell, suffering injuries. Harned filed suit alleging negligence on behalf of the Defendants. Defendants have moved for summary judgment and to exclude Plaintiff's expert witness.

## II. STANDARD OF REVIEW

### A. Summary Judgment

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-249 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

**B. Expert Testimony**

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial judge is given the task of ensuring expert testimony is reliable and relevant. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). This standard applies to all expert witnesses, and not just scientific testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999).

Daubert provides four factors that aid the Court in analyzing the reliability of the proposed expert's testimony: (1) Can the expert's theory be tested and has it been tested? (2) Has the theory been subjected to peer review or publication? (3) What is the known or potential rate of error? (4) Is the theory generally accepted? Daubert, 509 U.S. 593-594. These factors are not meant to be exclusive, but merely illustrative. Kumho, 526 U.S. at 150-51.

### III. DISCUSSION

**A. Motion for Summary Judgment**

Ordinarily, the owner of a premises owes invitees a duty to repair or warn against

3

latent defects. Standard Oil Co. v. Manis, 433 S.W.2d 856, 857 (Ky. 1968) Standard Oil, 433 S.W.2d at 857. However, an exception exists with respect to natural outdoor hazards. "[N]atural outdoor hazards which are as obvious to an invitee as to the owner of the premises do not constitute unreasonable risks to the former which the landowner has a duty to remove or warn against." Standard Oil, 433 S.W.2d at 858. Thus, for hazards which are as obvious to the invitee as they are to the owner, there is no duty owed to the invitee. Id. at 858. With respect to the open and obvious exception, "the term 'obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment." Bonn v. Sears, Roebuck & Co., 440 S.W. 2d 526, 529 (Ky. 1969).

The Defendants assert that they owed no duty to the Plaintiff because the hazard was as obvious to her as it was to them. However, the obviousness of the natural hazard turns upon the facts of each case. Schreiner v. Humana, Inc., 625 S.W.2d 580, 581 (Ky. 1981). Here, the Plaintiffs, while generally aware of the hazardous conditions in the Paducah area at the time, maintain that the Defendants' attempt to clear the parking lot made it appear clear of ice and snow and thus, not hazardous. In fact, Plaintiffs' testimony is that they chose to patronize the store because the lot appeared to be safe. Therefore, questions of fact exist which preclude summary judgment.

### B. Motion in Limine to Exclude Plaintiff's Expert Witness

The Defendants seek to exclude the testimony of the Plaintiff's expert witness, Mr. Krotchen, as unreliable and not based on scientific knowledge as required by Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). The Court has reviewed the

4

submitted portions of Mr. Krotchen's deposition and the briefing related to this issue and concludes that Mr. Krotchen's testimony is proper as to his opinions of the methods employed by the Defendants to clear the parking lot of snow and ice. His experience is sufficient to allow him to give such testimony. The import of his testimony will be that the Defendants did a poor job of removing all the snow and ice and that they knew or should have known that certain areas of the parking lot remained hazardous.

However, his testimony as to the formation of black ice is not based on science and is not particularly helpful to the jury. Evidence related to the weather conditions and the appearance of the parking lot can be elicited without the need for expert opinion testimony. The jury will then be able to use their "common sense" to decide if the Defendant knew or should have known black ice existed in areas of the lot. Furthermore, the jury will not need expert opinion testimony to decide whether the Plaintiff slipped on ice or fell for some other reason.

## IV.  CONCLUSION

The Defendants' Motion for Summary Judgment is DENIED [DN 38]. The Defendants' motion to exclude the Plaintiff's expert is GRANTED in part and DENIED in part [DN 39].

cc: counsel of record